UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 18-22854-CIV-MORENO**

JESUS HERNANDEZ, and MILADY RUIZ,

        Plaintiffs,

vs.

SCOTTSDALE INSURANCE COMPANY,

        Defendant.

_____/

## <u>ORDER DENYING PLAINTIFFS' MOTION FOR REMAND</u>

THIS CAUSE came before the Court upon Plaintiffs' Motion for Remand **(D.E. 5)**, filed on **August 8, 2018**. The Court has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case arises from a property insurance claim related to damage caused by Hurricane Irma. Plaintiffs filed the action in the Eleventh Circuit Court in and for Miami-Dade County, Florida on April 30, 2018, and Defendant subsequently removed the case to federal court. Plaintiffs have moved to remand the case to state court, arguing that, although the parties are diverse, the amount in controversy does not exceed $75,000. To avoid remand, Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co., Inc.*, 296 F.3d 1316, 1319 (11th Cir. 2001).

Plaintiffs' initial estimate of damages totaled $112,640.17. However, Plaintiffs subsequently submitted a second estimate of damages with a reduced total of $100,003.41. Defendant has already paid Plaintiffs $29,150.55, which includes the $8,000 deductible and depreciation, and $21,150.55 in indemnity payments. Both parties agree that the $29,150.55 is

not in controversy and, as such, must be excluded from any calculation of the amount in controversy.

Taking the first estimate and subtracting the deductible, depreciation, and indemnity payments, the amount in controversy equals $83,489.62—more than enough to satisfy the amount-in-controversy requirement for diversity jurisdiction. However, taking the second estimate minus the deductible, depreciation, and indemnity payments, the amount in controversy equals $70,852.86—$4,147.14 shy of amount needed for diversity jurisdiction.

But as Defendant points out, this calculation leaves out Plaintiffs' claim for attorney's fees. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201 (1933) (holding that where a Plaintiff seeks recovery of statutorily authorized attorney's fees, the amount-in-controversy calculation includes reasonable attorney's fees); *see also Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (same). Defendant has provided evidence indicating that Plaintiffs' reasonable attorney's fees—whether calculated at the time of removal or at the end of trial—exceed $4,147.14. Thus, even under the reduced damages estimate, the amount in controversy exceeds $75,000.

Therefore, Defendant has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. As such, this case satisfies the requirements for diversity jurisdiction. It is therefore

**ADJUDGED** that Plaintiffs' Motion for Remand is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _23rd_ of August 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record